JOHN OWEN AND GEORGE F. BELLOWS, RESPONDENTS, *v.* JANE F. CAWLEY, APPELLANT.

*Married Woman—Equitable lien—Evidence—Admissions of Agent.*

Under the laws of the State, conferring upon married women the rights and powers of femes-sole in respect to their separate estate, they are liable to fulfil their contracts in the management of such separate interests.

A married woman employing an attorney in relation to her separate interest, is liable to pay the usual fees, the same as other parties.

APPEAL from the Supreme Court. The action was for professional services rendered to a married woman, for the benefit of her separate estate; and the relief sought was, that the same be declared an equitable lien on such separate estate, and that so much thereof as might be necessary be appropriated to the satisfaction of the claim.

On the first hearing, before Judge Mitchell, on the report of a referee, judgment was rendered for the Plaintiffs for a greater amount than on the last trial. That judgment was reversed at the General Term, for the reasons appearing in the report of the case (36 Barb. 52).

The order of reversal procured on that occasion, provided that the evidence taken on the first trial should stand as evidence on the new trial, and that either party should be at liberty to add such further evidence as they might be advised. Neither party appealed from this order, and, so far as appears, it was mutually acquiesced in, and acted upon by both.

On the last hearing, before the same referee, judgment was recovered by the Plaintiffs, pursuant to the prayer of the complaint, the amount of the lien charged on the Defendant's estate being adjudged to be $61.25, with interest from the 30th of May, 1859, and costs.

The Defendant appealed to the General Term of the Supreme Court in the First District, and the judgment was unanimously affirmed, the opinion of the Court being delivered by Mr. Justice Sutherland.

The following facts were expressly admitted in the verified pleadings, as amended :

1. That the Plaintiffs were attorneys and counsellors, in partnership in the city of New York.

2. That the Appellant, Jane F. Cawley, was the wife of the Defendant, Samuel B. Cawley.

3. That she was possessed in her own right, separate from her husband, of a large amount of real and personal property in this State, including a house and lot in Queens county, and a store of goods in New York, in which she had conducted the ship chandlery business from a period before the first of January, 1858, down to the commencement of the suit ; and that in the course thereof, in the years 1858 and 1859, and prior to the commencement of this action, she had various sums due and owing to her by various individuals, ships, and vessels.

4. That during these periods, and previous thereto, her husband carried on the business as her agent, and as such managed and conducted the same in all its details.

The complaint also alleged the professional services and disbursements of the Plaintiffs, at her request and that of her agent, the amount due therefor, and the fact that such services were rendered and such disbursements made on the credit and for the benefit of her separate estate.    These allegations were put in issue by the answer.

The referee found, among other things, as matter of fact, that all the services alleged were rendered, and that all the facts stated in the complaint were true, with certain exceptions as to amounts, &c., not material to be stated.   He found, as matter of fact, that all the services embraced in the amount he allowed were rendered for the benefit of Mrs. Cawley and her separate estate ; that she employed the Plaintiffs to render them, through the agency of her husband, to whom she had intrusted the whole management of the business of her separate estate, having full confidence in his ability to act for her, and not restricting his authority in any way, but *requesting* him " to let law alone, *if possible*, and to do a cash business." This request was not made

known to the Plaintiffs. The prosecution of each of the actions and proceedings was expedient, and there was no prospect that the demands would be collected without suit.

The Defendant attempted to establish a special agreement that no compensation should be made for services which did not result in collecting the money; but the referee found, as matter of fact, that no such agreement was made.

A question was raised whether some of the proceedings, which were taken in the names of nominal assignees of the Appellant, for particular reasons disclosed by the evidence, were not really for the benefit of such assignees; but the referee found, as matter of fact, that they were so taken for the benefit of Mrs. Cawley and of her separate estate, and by the direction of the husband, as her agent.

He also found that each of the claims prosecuted by the Plaintiffs arose out of sales by her husband, as her agent, of goods belonging to her separate estate, except in a single instance. In that case the claim was for goods sold by J. C. Sleight & Co., the previous proprietors of the store, and which, with other goods and demands, had been absolutely assigned to her, in payment of a debt for advances from her separate estate.

The Defendant attempted to prove a subsequent agreement between Sleight and his creditors, for the purpose of showing that the transfer to her was only colorable; but the referee found that such agreement was not satisfactorily proved.

In the course of the trial several questions arose as to the admission of evidence; and exceptions were also taken to the refusal of the referee to dismiss the complaint, and to his ultimate conclusions of law upon the facts as found.

*D. McMahon* for Appellant.

*Thomas G. Shearman* for Respondents.

PORTER, J.—The principal question in this case arises under the statutes of 1848 and 1849, in relation to the property of married women. The primary purpose of these acts was to enable every feme covert to hold property in her own right, without the inter-

vention of trusts or marriage settlements. It was neither their
design nor effect to place such property beyond the reach of all
remedial process, nor to secure to the wife a mere dormant and
barren title, with none of the usual incidents of the jus dispo-
nendi. Under their operation she succeeded to the right which a
trustee could have exercised under the old law, to protect the in-
terest thus vested by all the usual agencies, and to enforce and
defend her claims in the tribunals of law and equity. While her
antecedent disabilities arising from the conjugal relation were not
wholly removed, they were necessarily so far modified as to secure
her in the beneficial enjoyment of the new interests she was
permitted by law to acquire (Yale *v.* Dederer, 18 New York,
272, 278; 22 id. 451; Buckley *v.* Wells, 33 id. 522). She was
still left without capacity to bind herself personally by a naked
promise, note, or bond; but she could exercise the right of an
owner, by subjecting her separate estate to charges in equity for
services rendered, at her request, for the benefit of such estate;
or she could dedicate it to other purposes if she chose to exercise
her intention by a formal and deliberate pledge. The mere fact,
however, that she was the owner of a separate estate did not
affix to it, under these acts, a liability in equity in respect to her
engagements at large. Such a lien could only be deduced from
an express or implied agreement to that effect on her part, or
from some equivalent obligation resulting from her acts by opera-
tion of law. Where services are rendered for a married woman
by her procurement, on the credit and for the benefit of her
separate estate, there is an *implied* agreement and obligation,
springing from the nature of the consideration, which the Courts
will enforce by charging the amount on her property as an
equitable lien (18 New York, 276, 282, 284; 22 id. 460).
Where a charge is created by her own *express* agreement, though
for a purpose not beneficial to her separate estate, or even for the
sole benefit of her husband, she is bound in equity by the obliga-
tion which she thus deliberately chooses to assume (18 New York,
276, 283; 22 id. 451).

It was at one time a mooted question in the Courts whether,

under the statute above referred to, and prior to the act of 1860, the common law disabilities of the wife were so far modified as to permit her to manage her estate, through the intervention of agents and employees; but it is now entirely settled that she acquired, in this respect, the usual rights incident to absolute ownership, and that she could avail herself of any agency, even that of her husband, with the same effect as if they were not united in marriage (Knapp *v.* Smith, 27 New York, 277, 280; Buckley *v.* Wells, 33 id. 518, 532; Smith *v.* Sweeney, 35 id. 294, 295; Draper *v.* Stouvenal, 35 id. 513; Abbey *v.* Deyo, 44 Barbour, 382).

In this case the referee finds, as matter of fact, that the Plaintiffs were employed by the Appellant, through her authorized agent, to whom she had entrusted the entire management of her business and estate. She was as effectually bound by the act done in her name as if she had personally engaged the professional services of the Respondents. She accredited her husband to the public as her general agent in all that pertained to her business; and, as the Plaintiffs had no notice of any private restrictions upon his authority, the fact that any such were given would have been unavailing, even if she had succeeded in proving it (Wademan's Bank, 11 Wendell, 87; Johnson *v.* Jones, 4 Barbour, 369, 373).

It is also found, as matter of fact, that all the services in question were rendered for Mrs. Cawley and for the benefit of her separate estate. Her counsel insists that such of them as appertain to suits in which there was a failure to collect the amount of the claims, should not be deemed beneficial in their character. No such distinction can be maintained. The rule of equity under which the estate of a married woman is subject to a charge, in respect to services rendered for its benefit, has reference to the subject-matter and nature of such services, and not to the contingent and ultimate gain or loss of the party procuring them. A builder who, at the request of a feme covert, erects a dwelling on her land, performs a service for the benefit of her estate, within the meaning of the rule; and its nature would not be changed

though the edifice should afterward be destroyed by fire. An employee who tills her land for hire, has an equitable claim to compensation; and, if he discharges his duty faithfully, he has a remedy for his wages, though her fields should prove unproductive. In this case the claims in question formed 'a part of the separate estate, and the services were for its direct and immediate benefit (Dillaye *v.* Parks, 31 Barbour, 132). The Appellant preferred not to prosecute the suits in person; and the attorneys who conducted them in her behalf, having served her with suitable skill and fidelity, are not responsible for any defects in her proof, or for the inability of her debtors to respond to their obligations. It follows from these views that, on the principal questions involved in the case, the referee was right in his conclusions.

The Plaintiffs were properly allowed to prove the admissions of the Appellant on the previous hearing. They constituted a portion of the evidence which, under the order entered at the General Term, either party was entitled to read; and this right was exercised on the second trial by both. Where an unqualified admission is made in a pending cause, whether by stipulation of the attorney, or as matter of proof on the hearing, it cannot be retracted on a subsequent trial, unless by leave of Court. Its cause for granting such leave was shown, and there was no allegation of mistake, imposition, or surprise (People *v.* Rathbun, 21 Wendell, 543, 544; Elton *v.* Larkins, 24 Eng. Comm. Law, 372; Doe *v.* Bird, 32 id. 416; Langley *v.* Earl of Oxford, 1 Meeson & Welsby, 508).

It is claimed, in behalf of the Appellant, that the referee should not have permitted the reading, on the new trial, of the evidence on the former hearing, as provided in the order of reversal. We see no reason why the parties are not concluded by that order, in which both of them seem to have acquiesced. No appeal from it has ever been taken, no motion was made to modify it, and both parties have acted under it (Vail *v.* Remsen, 7 Paige, 207). It was read in evidence without objection, and no question in regard to it was raised before the referee. Portions of the proof introduced under it were objected to, on other and specific grounds;

but the position now taken, that the whole was inadmissible, was not even suggested on the trial. Upon the facts disclosed by the case, we do not think the objection tenable; but, if it had been well founded, it would be too late to raise it on appeal (Newton *v.* Harris, 2 Selden, 345; Judd *v.* O'Brien, 21 New York, 190).

In the course of the trial objections were taken to the proof of the acts and declarations of the Defendant's agent, in relation to the legal proceedings conducted by the Plaintiffs. They constituted a part of the res gestæ; and as his agency was conceded, they were admissible as acts and declarations of his principal (McCotter *v.* Hooker, 4 Selden, 503; Fleming *v.* Smith, 44 Barbour, 554). Other grounds of error are alleged, but they seem to us plainly untenable.

The judgment should be affirmed, with costs.

PARKER, J.—The cause of action in this case is the services of the Plaintiffs as attorneys and counsellors-at-law, performed, as is alleged, for the Defendant, Jane F. Cawley, who is the wife of the other Defendant, and for the benefit of her estate.

It appears from the findings of the referee that the Plaintiffs (upon the retainer of Samuel B. Cawley, the husband, to whom his wife, Jane F. Cawley, had entrusted the management of the business of her separate estate), in the years 1858 and 1859, rendered services in the bringing of suits and other proceedings for the collection of demands belonging to such separate estate, which services the referee found, as matter of fact, were rendered for the benefit of said Jane F. Cawley and of her separate estate; whereupon he ordered judgment for the balance which remained due therefor.

It is contended, on the part of the Defendant, that inasmuch as she was engaged in business as a sole trader, and the demands, or most of them, which the Plaintiffs were employed to collect, arose from sales of property in such business, her separate estate was not liable to be charged for the Plaintiffs' services, because, before the act of 1860, she could make no valid contract as such sole trader.

The question of her power to contract as a sole trader is not

involved in this case. The demands having been either assigned to her, or having arisen from sales of her property, clearly belonged to her separate estate (Knapp *v.* Smith, 27 N. Y. R. 277); and she could maintain suits thereon in her own name (Code, § 144). For the beginning of such suits she could inform her husband to employ an attorney (Buckley *v.* Wells, 33 N. Y. R. 518; Knapp *v.* Smith, supra), and the referee was right in holding that the services were performed for the benefit of her separate estate, without reference to the question whether the suits were or were not successful. This latter circumstance is not to determine whether the services were for the benefit of the estate. If the service was rendered *on behalf* of the estate, for the purpose of benefiting it, that is a sufficient compliance with the requirement of the law in that respect.

The evidence of the acts and the declarations of the husband, in the employment of the Plaintiffs to perform the services, were admissible, his agency having been admitted by the Plaintiffs, and also shown by independent evidence. They were admitted only for the purpose of showing the nature of the service which he employed the Plaintiffs to render on Mrs. Cawley's behalf.

The Defendant had no right to withdraw any admissions made upon the former trial, for the reason that the order for a new trial obtained by her, and under which she proceeded to this trial, directed that the evidence taken on the former trial should stand as evidence on the new trial.

The new trial was properly before the same referee, as the order of reference was not vacated, and no objection thereto was made at or before the trial.

I discover no error in the judgment, and am of the opinion that it should be affirmed, with costs.

All concur.

Affirmed.

JOEL TIFFANY,
State Reporter.