ADOLPHENE KLUENDER, Respondent, *v.* JAMES LYNCH, Sheriff, Appellant.

HUSBAND AND WIFE. SEPARATE PROPERTY OF WIFE. HUSBAND AS AGENT OF THE WIFE. SEIZURE OF WIFE'S PROPERTY TO SATISFY HUSBAND'S CREDITORS. CHARGE TO JURY; EXCEPTIONS TO. SHERIFF.

Where the legal title to property is in the wife as against her husband, it cannot be seized by his creditors to satisfy his debts, without proof that her title is merely colorable and fraudulent as against the creditors of the husband. (*Gage* v. *Dauchy & Beekman*, 34 N. Y. 293.)

Under existing statutes, a married woman may manage her separate property through the agency of her husband, without subjecting it to the claims of his creditors. (*Buckley* v. *Wells*, 33 N. Y. 518.)

The application of an indefinite portion of her income, by a wife, to the support of her husband, does not impair the title of the wife to her property. (Id.)

Concerning the question, generally, of the employment of the husband as agent for the wife in conducting her business, see opinion of MILLER, J., and cases cited.

Whether a wife may loan to her husband her individual money for the purpose of investing the same in trade, — provided the loan be so restricted as not to connect her with her husband's business, — without the same being liable for his debts, *quere*. See opinion of MILLER, J.

Where the defendant submits divers requests to the court to charge the jury, and then excepts to the charge generally wherein the same differs from any thing contained in his requests, such exception is unavailing.

Generally, exceptions to the refusal of the judge to charge conclusions of law, founded upon conditions and circumstances not warranted by the evidence in the case, are bad and must be unavailing.

*Brown, Hall & Vanderpoel*, for the appellant.

(Points not found with the case.)

*Cyrus Lawton*, for the respondent.

I. The verdict of the jury and judgment thereon must be deemed to have established the following points as questions of fact:

1. That the plaintiff had a separate estate.

2. That she invested it in business in her own name and for her own benefit, at No. 78 Bowery, and carried on that business herself, in good faith, from May 1, 1861, until she was broken up by defendant on or about the 2d of May, 1862.

3. That the defendant wrongfully took the property of the plaintiff, for which this action is brought.

II. The plaintiff had a sole and separate estate, with which she was authorized to deal as a *feme sole.* (Sess. Laws, 1848 and 1849; id. 1860, chap. 90; id. 1862, chap. 172.)

III. All that the plaintiff is shown to have done in this case she was clearly empowered to do, subject only to ·the right reserved to the court to examine into her transactions to see that they were not a mere cover designed fraudulently for the purpose of keeping her husband's property from his creditors, and, whether this was so in this case, is a question of fact, which was fairly submitted to the jury, who have found in her favor, and their finding is conclusive. (*Merchant* v. *Bunnell,* 3 Trans. Appeals, 35; *Buckley* v. *Wells,* 33 N. Y. 518; *Sammiss* v. *McLaughlin,* 35 id. 647; *Sherman* v. *Elder,* 24 N. Y. 381; *Babcock* v. *Eckler,* id. 623; *Merritt* v. *Lyon,* 3 Barb. 110; 3 R. S. 225, § 4, 5th ed.)

IV. The plaintiff was in possession, and, as against her husband's creditors, her title cannot be impeached, except by both averring and proving her possession fraudulent — neither of which is done in this case. (*Gage* v. *Dauchy,* 34 N. Y. 293.)

V. The justice's charge was correct, and embraced all the points upon which he was required to charge. There is no specific or definite exception. The general statement will not do. There is no question of law in the case.

VI. The numerous points raised by defendant's counsel, and requests to charge the jury, are based upon facts and allegations assumed, not proven, and are not applicable to this case. This action is for the wrongful taking, and no demand need be alleged or proved, though one is alleged and not specifically denied.

MASON, J.  When actions had names, this would be known as an action of trover, brought to recover the contents of a cigar store, No. 78 Bowery, New York city. The plaintiff makes title to the property in virtue of her possession and apparent ownership. She is a married woman, and was carrying on business at that place in her own name. Her

husband, Frederick H. Kluender, was owing his wife, the plaintiff, for borrowed money some six thousand dollars, and he, having been burned out, in order to pay her, made over to her in money, cigars, etc., some two thousand dollars, and with this she went into business in her own name and on her own account. Her husband assisted her and rendered some services in her business. The defendant is sheriff of the county of New York, and makes title to the property in virtue of a judgment and execution against Frederick H. Kluender, having levied upon the property, as sheriff, in virtue of an execution placed in his hands against the said Frederick H. Kluender. The cause was tried before the court and jury, and was submitted to the jury in a charge unexceptionable, it seems to me. The plaintiff was in possession, doing business in her own name, and as against her, the husband's creditors, before they can claim to disturb her, must assume the responsibility of averring and proving her possession fraudulent. It was decided in this court, in the case of *Gage* v. *Dauchy & Beekman* (34 N. Y. 293), that where the legal title to property is in the wife as against her husband, it cannot be seized by his creditors to satisfy his debts, without proof that in the given case her title was merely colorable and fraudulent as against the creditors of the husband. It was decided in this court, in the case of *Buckley* v. *Wells* (33 N. Y. 518), that, under existing statutes, a married woman may manage her separate property through the agency of her husband, without subjecting it to the claims of his creditors. That she is entitled to the profits of a mercantile business conducted by the husband in her name, when the capital is furnished by her, and he has no interest but that of a mere agent. That the application of an indefinite portion of the income to the support of the husband does not impair the title of the wife to her property, and that no interest in her separate property is acquired, either by the husband or his creditors, through the husband's voluntary services as her managing agent.

This case is in point, and disposes of much of the argument of the defendant's counsel. The defendants, in this

case, sought and failed with the jury, and their verdict is conclusive in this court. The only questions reviewable on this appeal, are the judge's rulings upon questions of law. The exception taken to the rejection of evidence offered by the defendant, appearing in folio 70 of the printed case, was not well taken. It was wholly immaterial to the issue on trial between these parties what Kluender might have said at the time he contracted the debt with the firm of Fatman & Cardoza, upon which the judgment was obtained on which the execution, levied by the defendants in this case, was issued. Besides, what he said to them at the time he contracted that debt was wholly incompetent. His statements, upon no principle, can be given in evidence against the plaintiff. The whole object of the question put, was to show that Kluender stated he was not owing any person, and this, of course, would embrace the plaintiff in this suit. This evidence was properly rejected. The defendant's counsel submitted ten distinct propositions which he requested the judge to charge, all of which, except the fifth, the judge refused. I have examined as well these requests as the charge itself and find no error in them.

The charge itself covered the whole case, and submitted the real issues in debate to the jury, and besides there is no proper or well taken exception to the charge. The case states at the end of the charge that the counsel for the defendant, as to the several points charged by the judge upon which requests had been submitted by him, excepted separately to such portions of said charge, so far as the same differed from the request made in that behalf. Where the charge contains several distinct propositions, and exception is taken to the charge generally, if either proposition be sound and correct, the exception will be unavailing. (1 Seld. 422; 3 id. 266; 4 id. 37, 67; 5 id. 171; 2 Kern. 313.) And so where the exception is to the whole charge and every part of it. (2 Seld. 233; 1 Kern. 416.) And so as to an exception to each and every part of the charge. (1 Kern. 416.)

The exception to the charge here, is still more objectionable. The defendant has submitted ten requests to charge, running over nearly three pages of the printed case, and the

charge occupies more than two pages, containing various propositions, and the exception is to the several points charged by the judge, wherein the charge differs from any thing contained in any of these ten propositions or requests to charge. This will not do, and such an exception is wholly unavailing. The appellant's counsel seems to rely upon the judge's refusal to charge the sixth proposition requested by the defendant's counsel, to wit, that, " if the jury find that the plaintiff loaned the money in 1857 and 1858, to her husband, to enable him to enlarge and extend his business, and he did so use it, he could not, after obtaining the credit from these judgment creditors, for which the execution was issued, so transfer it as to relieve it from the claims of the creditors referred to." This proposition is not sound. It assumes that the husband could not pay money, or sell and deliver property to his wife, to pay her for such loan of money, in however good faith, or with whatever honest motives the same may have been done.

The position assumed by the defendant's counsel is, that that money loaned became pledged to the business, and that the creditors had an equitable lien upon it. I know of no such principle of law, and certainly the wife is not under any such disability growing out of her marital relation, that she cannot receive pay from her husband of money honestly loaned him, where the same is done in good faith. (*Babcock v. Eckler*, 24 N. Y. 623.) The case of *Gage* v. *Dauchy & Beekman* (34 N. Y. 293) holds, that the fact of the husband giving his attention and services to managing his wife's property, and assisting her in carrying on her business, does not deprive her of her legal rights in the property, or her first claim to the profits or funds of the business. This is all that is necessary to say in regard to the defendant's requests to charge, and the judge's refusal. There was no error committed in any of these refusals, and none committed upon the trial, and the judgment should be affirmed.

MILLER, J. This is an appeal from the General Term of the Superior Court in the city of New York, affirming a

judgment in favor of the plaintiff. The action was brought to recover the value of certain property levied upon by the defendant, by virtue of an execution against the husband of the plaintiff, and evidence was given upon the trial, from which it appeared that the plaintiff had a separate estate consisting of money, which she had loaned or placed in the hands of her husband; that he had been unfortunate and lost considerable property by means of a fire about the middle of January, 1861; that he continued business until May, 1861, when the plaintiff claimed to conduct the business at another place, which had been rented for that purpose. It also appeared, that the capital with which the business was conducted was received by the plaintiff from her husband to about the amount of two thousand dollars, which consisted of cash and stock, and, as claimed, in payment of money which she had loaned to him.

The jury found in favor of the plaintiff; the defendant appealed to the General Term, which affirmed the judgment, and defendant again appealed to this court.

Several objections were made upon the trial to the refusal of the judge to charge the jury. It is insisted, that the court erred in refusing to charge, that, if the jury find that the plaintiff loaned the money, in 1857 and 1858, to her husband to enable him to enlarge and extend his business, and he did so use it, he could not, after obtaining the credit from the judgment creditors, for which the execution was issued, so transfer it as to relieve it from the claims of the creditors referred to.

It does not distinctly appear, that the money was loaned for the purpose of enlarging and extending the business of the plaintiff's husband. It is true, that his business was increased after the money was loaned, and the money was used for that purpose; and, assuming that there is evidence in the case from which such an inference may be drawn that such was the object of the loan, does it follow that the husband could not, by transfer, secure the money thus loaned? Loans of money are often made for this specific purpose, and persons are frequently started in business by moneys advanced to

enable them to obtain goods. The party loaning the money thereby becomes a creditor of the borrower, which entitles him to be secured or paid the same as any other creditor. It does not affect his rights as a creditor, because he loaned the money, and other creditors have trusted the party on the appearance of credit thus obtained. The borrower has the right to prefer the lender to his other creditors, and I am not aware that the law regards such a preference as unauthorized. It has not been held in this State, that such a loan was, of itself, a fraud as against creditors. If made with a view of diverting the property, or for the purpose of protecting it from creditors, who, on the faith of it, have given credit to the party, then, of course, it would be fraudulent, and the transaction could not be upheld. But the request made embraced no such proposition, and called upon the judge to charge a principle which, I think, was erroneous, and was therefore properly refused.

It is also insisted, that the court erred in refusing to charge in accordance with the defendant's request: That, when the wife places money in the hands of, and under the control of, the husband, and allows him to invest it in trade for his own benefit, the property, as between the wife and the creditors of the husband, becomes liable for his debts, and that she loses the benefit of the statutes, and the common law declares the creditor's rights.

The difficulty in the proposition is, that it assumes that the wife places the property in the hands of the husband and allows him to invest it in trade, while this does not appear as a conceded fact in the case. She merely loaned it to him with no specified object in view; and, as the jury have found that this was done in good faith, I do not well see how such a loan can be considered as an improper diversion of the money, so as to render it liable for the debts of the husband. The request made was properly refused on the ground stated; but I am not prepared to hold that the wife cannot loan her individual money, even for the purpose of investing the same in trade, provided the loan be so restricted as not to connect her with the husband's business. If she could loan it for one

purpose, there is no reason, in my opinion, why she cannot do so for another, and unless she chooses to part with all control over it, or to become a partner in the transaction, she does not by such an act, part with her rights which have been conferred upon her by statute.

So also the request to charge, to the effect that if the husband was the servant of the wife in and about the business, and received and retained the advantages and accumulations of his labor, then the plaintiff could not recover, was properly refused. This with the additional requests made, as to the effect of purchases made by him, out of the proceeds of the business, and the accumulations made by their joint labors, and of allowing the husband to manage and control the property for his wife, and of devoting his time and labor to its accumulations, involve the question, how far the husband may be employed by the wife in the transaction of her business, when she has a separate estate, and is engaged in business on her own account. It has been repeatedly held, by this court, that there is nothing in the marital relation, which prevents the wife from employing her husband as her agent, in the management of her property and estate, and in the transaction of her business; and that such employment does not render her property, or the profits arising from her business, liable to the debts of her husband. (*Sherman* v. *Elder*, 24 N. Y. 381; *Knapp* v. *Smith*, 27 id. 277; *Buckley* v. *Wells*, 33 id. 518; *Gage* v. *Dauchy*, 34 id. 293; *Merchant* v. *Bunnell*, 3 Trans. ed. of Court of Appeals, p. 35.)

These cases show, that the wife's separate estate, and the profits derived from the same, although managed by the husband, as her agent, cannot be made liable for the payment of his debts. The principal question to be determined in such cases, is, whether the transaction between the husband and wife is fair and honest, and is not a mere contrivance designed fraudulently for the purpose of protecting the husband's property from his creditors. The judge, in his charge, fairly submitted to the jury to determine whether the plaintiff, in good faith, embarked in business with her own property, and charged, that, in determining the question, they had a

right to consider the fact, that the husband assisted in the business, and in making sales; that he made purchases for her, which were paid for out of the avails of the business, and that they labored together to some extent, for their joint benefit. This, I think, was all which could be required, and covered the propositions last referred to.

There can be no question as to the right of the wife to employ the husband as her agent, and if there is any difficulty, it is in regard to the requests made, which related to the appropriation of the profits arising from the labors and services of the husband, to the benefit of the wife, and thus increasing, by the employment of his time and talents, the value of her property. This precise point has been substantially decided by this court.

In *Buckley* v. *Wells*, above cited, where the husband had acted as the agent of the wife, who furnished the capital, it was held that the application of an indefinite portion of the income to the support of the husband, does not impair the title of the wife to her property, and that no interest in her estate is acquired either by the husband or his creditors, through his voluntary services, as her managing agent. CAMPBELL, J., fully answers the objection, that the skill and labor of the husband, when employed by the wife, enters into and forms a part of the property and increases its value, by remarking, "If the business is successful, granted; but the title is not thereby divested. At most, he could have but a lien for wages."

In *Gage* v. *Dauchy* (34 N. Y. 293), where the wife was the owner of a farm, on which she resided with her husband, and which he carried on in her name, without any agreement as to compensation, it was held, that neither the products of the farm, nor property taken in exchange therefor, could be attached by creditors, as the property of the husband.

The principles decided in the cases last referred to are fully indorsed and upheld by DAVIES, Ch. J., in *Merchant* v. *Bunnell* (*supra*). These cases effectually dispose of the question now discussed, and render it unnecessary to examine the

authorities cited by the appellant's counsel, which, it is claimed, sustain a different theory.

The objection taken, that the agreement by which the husband entered into the employment of the wife, on the terms stated by her, was a fraud upon creditors, cannot, I think, be maintained. It appears from the testimony, that he worked in her employment, sold and bought goods in connection with the wife and another person in her employ, and lived in the same building with his wife, and, he being insolvent, the wife provided for his support. The wife paid the workmen whom she employed to manufacture, and had every thing under her control.

There was nothing in the manner in which the husband was employed, I think, which made the arrangement fraudulent on its face, and, within the authorities before cited, it can be sustained, provided it was not a device to cheat and defraud the creditors of the husband. Whether such was the case was a question of fact to be determined by the jury intrusted with the decision of the case. (*Knapp* v. *Smith*, 27 N. Y. 280.)

It is said, that the transfer directly from the husband to the wife was void. It appears, that the money and property were paid and delivered in payment of a debt claimed to be due from the husband to the wife, and I see no reason why such a payment and delivery of money and property is not valid and effectual. The husband merely paid the debt which he owed, and, as the plaintiff had a sole and separate estate with which she was authorized to deal as a *feme sole*, there is no good reason why she should not deal with her husband the same as with a stranger, and no occasion to require the intervention of a third party in the payment of her demand.

The defendant took the property wrongfully from the plaintiff, and no demand was necessary before the action was brought.

There was no error committed upon the trial, and the judgment must be affirmed.

Judgment affirmed.