BRACE v. GOULD, appellant.

*Husband and wife — dealings between — estoppel.*

The owner of a heifer sold the same to his wife, who sold it to the plaintiff. After such sales the husband mortgaged the heifer to defendant. *Held,* that the wife was not prevented from acquiring title to the heifer by reason of the marital relation, and that plaintiff's title derived through her was valid.

A husband may transfer a valid title to personal property directly to his wife by sale and delivery for a valid consideration.

The defendant took the heifer under the mortgage with the assistance of the mortgagor. Plaintiff resisted the taking awhile, after which he said he would fight no longer, but would look to his father (the mortgagor) for pay. *Held,* that this was not a consent to taking the heifer so as to estop plaintiff.

THE action was brought in a justices' court to recover the value of a heifer which the plaintiff alleged was wrongfully taken by the defendant. The plaintiff proved title by means of a purchase from

his mother, Irena Brace, who claimed title by purchase from her husband, James B. Brace. The defendant justified the taking by virtue of a mortgage given by said James B. Brace eighteen months after the alleged sales aforesaid.

The jury in the justices' court found in favor of the plaintiff. Judgment was entered, and the defendant appealed to the county court, where the judgment was affirmed.

The material facts are sufficiently stated in the opinion.

*Charles A. Clark*, for appellant.

*Charles E. Parker*, for respondent.

MILLER, P. J. The plaintiff claims to derive title to the heifer in question by purchase from his mother, Irena Brace, and, *prima facie*, there was sufficient evidence to sustain a finding of the jury in his favor upon that subject.

The question made as to the sale being fraudulent as against creditors was also for the jury, and, as they have found for the plaintiff, every intendment should be indulged to support the verdict. It cannot be denied that there is considerable evidence to establish that there was a change of possession; that the transaction was not tainted with fraud so as to avoid the sale, and that there is no such case established as authorizes this court to hold as a matter of law, that the sale was fraudulent and void, and to reverse the judgment for that reason.

It is claimed that Irena Brace being a married woman could not acquire title to the heifer by purchase from her husband. I think that the adjudged cases hold a contrary doctrine, and that the husband may transfer a valid title to personal property directly to his wife by sale and delivery for a valid consideration passing between them.

In *Rawson* v. *Penn. R. R. Co.*, 2 Abb. Pr. N. S. 220, it was held that, under the statute of 1862 (ch. 172), the common-law rule that the wife cannot take by gift directly from her husband, without the intervention of a trustee, was abrogated, and that she could maintain an action for the loss of articles of personal property, which she acquired by gift directly from her husband. This case was affirmed on appeal to the court of appeals (48 N. Y. 212). It was also held, that a transfer of personal property directly from the husband

to the wife in payment of a debt which he owed her when she held a separate estate, was valid. *Klunder* v. *Lynch*, 4 Keyes, 361, 370. Of a similar purport is *Savage* v. *O'Niel*, 44 N. Y. 298, where it is distinctly held that a wife can enter into contract for the purchase of personal property from her husband, and after delivery she can hold it by a strictly legal title (EARL, C, 302).

These authorities are controlling, and I think that the wife of James B. Brace was not prevented from acquiring title to the heifer by reason of the marital relation.

It is also insisted that the plaintiff had knowledge of the existence of the mortgage, and if he had title, he consented to the mortgage being given. The plaintiff testifies, that he never consented to have the heifer mortgaged, but knew that it was mortgaged. The extent of the plaintiff's knowledge of the mortgage does not appear, nor is there any evidence which shows that he in any way aided in inducing the mortgagee to take security on the heifer, or when the mortgage was given, or at any other time was privy to any arrangement between the mortgagee and mortgagor. The plaintiff therefore does not occupy the position of an owner of goods, who stands by and without objection allows another to treat them as his own, and thereby a third person is led to purchase them in good faith.

The evidence does not show that the plaintiff was at any time called upon to express any dissent against mortgaging the heifer, or to avow his ownership of the same, and the effect of his knowledge was a question for the jury in determining the case.

I do not think that the testimony shows that the plaintiff consented to the taking of the heifer by the defendant. His remark at the time that it was taken, and after he had resisted his father's attempt to take the heifer, that he would fight no longer, that the cow might go and he would look to his father for pay, was not of itself a consent to the taking, did not preclude him from enforcing his legal rights against the defendant, and was not an agreement to exonerate the latter from responsibility. He had resisted his father's attempt to remove the heifer and became involved in a conflict with him, and what the plaintiff said was in reply to a suggestion to stop the fighting, and under an apprehension at the time, probably, that his legal remedy was against his father. At this time the defendant had not assumed control over the heifer, and it was after this that he drove the heifer away and rendered himself liable to

respond for the act. Under such circumstances there was no estoppel which deprived the plaintiff of his remedy against the defendant. Nor was there any subsequent agreement, as claimed, with Balch, in regard to returning the brown cow, which amounted to an accord and satisfaction that barred the plaintiff's right of action. The alleged agreement did not relate to the heifer in question, and was not a settlement of the plaintiff's claim.

The evidence offered to prove the contents of the paper which the plaintiff exhibited to Balch and defendant was properly excluded. It did not appear to be material, or that it would benefit the defendant, and therefore, if for no other reason, was not competent.

There was no error in any of the rulings upon the trial, or in the judgment, which authorizes a reversal, and the judgment of the county court must be affirmed, with costs.

*Judgment affirmed.*