MATILDA BITTER, Respondent, *v.* HENRY RATHMAN, Appellant.

Where a married woman, acting under a secret trust for her husband becomes a member of a copartnership, as between her and her copartner, she is to be regarded as the owner of the interest she represents, and may maintain an action for a dissolution of the copartnership and for an accounting.

Conceding that the act of 1860, concerning the rights and liabilities of husband and wife (chap. 90, Laws of 1860) does not authorize her to enter into a copartnership business in which she has no interest save as trustee for her husband, and that, as between her and her husband or his creditors, he would be considered the partner ; this will not defeat her action, at least where no question is raised as to the non-joinder of her husband.

(Submitted September 23, 1874 ; decided January term, 1875.)

APPEAL from judgment of the General Term of the Superior Court of Buffalo, affirming a judgment in favor of plaintiff entered upon the decision of the court at Special Term.

This action was brought for the dissolution of an alleged copartnership between plaintiff and defendant, and for an accounting. Defendant denied the copartnership. The court made the following findings of fact :

1. That the plaintiff, Matilda Bitter, in secret trust for her husband, was the partner of the defendant.

2. That such partnership was formed on the 18th day of February, 1870, and carried on at the city of Buffalo, under the firm name of H. Rathman & Co.

3. That for the purpose of the partnership, and in respect to the public, she was to be regarded as the real partner, while in fact a partner in secret trust as aforesaid.

And as conclusions of law, that an accounting should be taken, and for that purpose referred it to a referee. Further facts appear in the opinion.

*John Ganson* for the appellant. A married woman has not capacity to enter a general mercantile partnership not connected with or relating to her separate property. (*Swazey* v. *Antram*, 13 Am. L. Reg. [N. S.], 577; Laws 1848, chap. 200; Laws 1849, chap. 375; Laws 1860, chap. 90, §§ 1, 2;

*Lord* v. *Parker*, 3 Al., 127; *Edward* v. *Stevens*, id., 315.)
Defendant could not be a partner with her husband or with
another person in a business in which her husband was inter-
ested. (Story on Part., §§ 12, 306; Dixon on Part., § 35;
*Plumer* v. *Lord*, 5 Al., 460; 7 id., 481; 9 id., 455; *Lord* v.
*Parker*, 3 Al., 127, 315; *Swazey* v. *Antram*, 13 Am. L. Reg.
[N. S.], 577.)

*H. C. Day* for the respondent.

GRAY, C.    The case on the part of the plaintiff, as I
gather it from the evidence and the facts, as found upon the
trial, is, in substance, this:- A business firm in the city of
Buffalo, of which the plaintiff's husband was a member, went
into bankruptcy, in January, 1870.    The husband was desir-
ous that the business of the firm should be continued, with
a view of his ultimately becoming again a partner in it; to
that end an arrangement was made between him and the
defendant, to which his wife, the plaintiff, assented, that the
business should be carried on by the plaintiff and defendant,
as partners; to be conducted on her part by her husband, as
her agent; and that it was so carried on in the firm name of
Rathman & Co.; the capital on her part having been princi-
pally advanced by her father and credited to her on the books of
the firm.    A disagreement finally arose between them, when
the defendant denied that she was a partner and claimed that
he alone was interested in the business, and that it was entered
upon and carried on for his individual benefit.    This disagree-
ment resulted in the bringing of this action by the plaintiff
for a dissolution of the partnership and an accounting.

The court before whom the issues were tried found " that
the plaintiff, in secret trust for her husband, was the partner
of the defendant," and that " in respect to the public she was
to be regarded the real partner," and ordered an accounting
as to the partnership affairs.    The defendant excepted to the
conclusion that the plaintiff was a partner of the defend-
ant; for that, being a married woman, she could not, in law,
be his partner; and now the defendant further objects, that

the act of 1860 authorizing a married woman " to carry on any trade or business and perform any labor or services for her sole and separate account," did not authorize her to enter into or carry on a partnership business in which she had no interest other than as trustee for another. All this may be conceded so far as it regards her husband and his creditors. As to the creditors of her husband, he, and not she, would, doubtless, be regarded the real partner. Yet she, having suffered herself to be regarded by the public as a partner, was liable, as such, to the creditors of the ostensible firm ; and, having thus exposed herself to such liabilities, if any should be found to exist, she had to any such extent the right, as against either the defendant or her husband, to be protected out of the share which would belong to her in her capacity as trustee for her husband, at whose instance she undertook the trust. And now that the defendant has, steadily, since this controversy arose, and throughout the trial, insisted that he alone was interested in the business, and has not at any time or in any way insisted that the husband should be made a party plaintiff or defendant, it does not lay with him here, for the first time in the progress of the action, to raise an objection which might very properly have been raised by her husband or his creditors in an appropriate action or proceeding to reach her apparent interest in the partnership, to which the defendant has no right, and to which, as between him and her, she is the rightful owner.

It is also insisted, on the part of the defendant, that errors were committed by the referee in his statement of the account, and that the judgment founded upon it is erroneous. No exception appears to have been made to the report of the referee, or any specific objection made against the confirmation of the report. If, therefore, there was an error in the report or its confirmation, and the judgment which followed the order of confirmation, it cannot avail the defendant here.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.