CHARLES W. NASH AND NELSON H. FULLER, RESPONDENTS, v. ISABELLA H. MITCHELL, APPELLANT.

*Married woman — separate estate — Contracts — benefit of separate estate — presumption of law.*

Where a married woman, who has a separate estate and carries on business in relation thereto, keeping a bank account in her own name, draws a check upon such account payable at a future day on which she borrows money, the law presumes, in the absence of evidence to the contrary, that such money was borrowed for the benefit of her separate estate, and holds her liable therefor.

APPEAL from a judgment in favor of the plaintiff, entered on the report of a referee.

*James E. Wheeler*, for the appellant.

*Samuel J. Crooks*, for the respondents.

DAVIS, P. J.:

On the 4th day of November, 1872, Charles Mitchell, the husband of the appellant, received from the plaintiffs their check on the Park Bank for $500, payable to his own order, and which was indorsed by him and paid on that day, and in exchange therefor he gave to the plaintiffs a check for the same amount on the Central Bank of Westchester County at White Plains, postdated November 9th, 1872, signed "I. H. Mitchell by C. H. Mitchell, attorney." This check was duly presented at maturity and payment was refused by the bank and the check was protested. This suit is brought upon

the last named check. Mrs. Mitchell kept an account in the Central Bank of Westchester county before and at the time of the making of the check; and she had previous to that time deposited with the cashier of that bank a power of attorney, dated February 1st, 1872, empowering Charles H. Mitchell " to make, sign, indorse or accept checks, notes, drafts and bills of exchange for the defendant and in her name." She had at that time a separate estate, consisting of a house and ten acres of land situate in Westchester county, and of lands in New Jersey; and her husband, acting as her agent, employed persons to carry on the place in Westchester county, and he received and disbursed money for the estate in New Jersey. The learned referee having, in substance, found these facts, also found that " in the giving and exchange of said checks the said Charles H. Mitchell acted as the agent and attorney of said defendant." In his conclusions of law, in addition to the conclusion that the defendant is liable for the amount of the check, the referee decides, " that the same was drawn upon her separate account, and for the benefit of her separate estate; that the defendant was then carrying on business in her own name, for her own benefit, the said C. H. Mitchell acting for her therein as her agent." It seems to have been clearly shown, that the husband had been constituted the agent of his wife, for the purpose of drawing checks in her name and on her account, by a formal power of attorney. The finding of the learned referee, that, in the giving and exchange of the checks, he acted as the agent and attorney of the defendant, seems to put the case precisely upon the same ground as though Mrs. Mitchell then being a married woman, had herself made the postdated check, and received from plaintiffs their check to be exchanged therefor. Had she in fact executed the check in suit herself, the question in the case would have been, whether the transaction was one made by her for the benefit of her separate estate. A married woman who authorizes an agent to incur a liability, is to be held responsible precisely on the same ground where the agent has created an indebtedness, and to the same extent, as though she herself had performed the act in person. Assuming, therefore, that she gave the check, it cannot be said that she made herself liable upon it *by thereby charging her separate estate*, because the check, being postdated, was in its nature an executory contract, payable

at a future day, and not an instrument drawn upon an existing and specific fund, payable presently. The case turns, therefore, upon the question, whether the transaction can be deemed one made by her for the benefit of her separate estate, or for her separate business. The referee has not passed upon this question as one of fact, although he says, as one of his conclusions of law, that the check was drawn upon her separate account, for the benefit of her separate estate, and that she was carrying on business in her own name, for her own benefit. From the form in which he states these "conclusions of law," we ought to regard them as legal deductions from the facts previously found by him and stated in his report, and not as facts intended to be found by him. The case, therefore, seems to turn upon the solution of this proposition: Where a married woman who has a separate estate, and carries on business in relation to such estate, and keeps an account in bank in her own name, draws a check upon such account payable at a future day, on which she borrows money, what presumption of law arises? Is it that such money is borrowed for the benefit of her separate estate, or for use in her separate business, or on a general liability, independently of such separate estate or business? If the law presumes the latter, then the defendant would not be liable in this case until the plaintiff showed that the money loaned was in fact for the benefit of her separate estate or her separate business. If the former presumption prevails, then the liability would arise against her, unless she showed affirmatively that the money was not obtained by her agent for the benefit of her separate estate or business. In our opinion the presumption is, that the money was borrowed by the agent for the benefit of her separate estate and business, and that liability arises against her upon the facts found by the learned referee. The grounds stated in *The Manhattan Brass and Manufacturing Co.* v. *Thompson* (58 N. Y., 80) upon which a married woman's liability may be enforced, are: "First, when created in or about carrying on trade or business of the wife. (*Barton* v. *Beer*, 35 Barb., 78; *Frecking* v. *Rolland*, 53 N. Y., 422.) Second, when the contract relates to or is made for the benefit of her separate estate. (*Owen* v. *Cawley*, 36 N. Y., 600; 27 id., 35.) Third, when the intention to charge the separate estate is expressed in the instrument or contract by which the liability is created. (*Yale* v.

*Dederer*, 18 N. Y., 265; S. C., 22 id., 450; *Maxon* v. *Scott*, Ct. App., not reported.)" If we are right in the position that, upon the facts in this case, a presumption arises that the debt was created in or about the carrying on of a trade or business of the wife, or for the benefit of her estate, the fact that it was made by the authorized agent of the wife makes no difference with her liability.

The referee has found that the agent was authorized, and the power of attorney given to him by the defendant was broad enough in its language to justify such finding. It empowered him to make, sign, indorse and accept all checks, notes, drafts and bills of exchange for her and in her name, which language we think is broad enough to include the postdated check in question.

It follows that the judgment appealed from should be affirmed, with costs.

BRADY and DANIELS, JJ., concurred.

Judgment affirmed.