THEODORUS B. WOOLSEY, Appellant, *v.* MARY A. BROWN, Impleaded, etc., Respondent.

*Married women — contracts by — liability created by.*

A married woman, upon an appeal by her son from a judgment recovered against him, signed an undertaking containing the following clause: "And the said Mary A. Brown hereby further undertakes, intends and agrees that the foregoing undertaking shall be a charge upon her separate estate, and hereby does, by said undertaking, charge her separate estate, consisting of a house and lot, No. 36 Water street, in the city of New York, and a house and lot, No. 5 Montague terrace, in the city of Brooklyn, and all other real and personal property owned by her." In an action upon the undertaking, *held*, that she was liable thereon.

Appeal from a judgment in favor of the defendant entered on the verdict of a jury directed by the court, and from an order denying motion for a new trial made on the judge's minutes.

The action was brought on an undertaking given on appeal from a judgment, executed by the defendant Mary A. Brown as surety for John W. Brown, her son.

*George V. N. Baldwin,* for the appellant.

*Estes & Barnard,* for the respondent.

Davis, P. J.:

The plaintiff recovered judgment in this court against one John W. Brown. Brown desiring to appeal to the Court of Appeals, executed the undertaking required by the Code for that purpose, with the respondent, Mary A. Brown, as one of his sureties, which undertaking contained also the following provision:

"And the said Mary A. Brown hereby further undertakes, intends and agrees that the foregoing undertaking shall be a charge upon

her separate estate, and hereby does, by said undertaking, charge her separate estate, consisting of a house and lot, No. 36 Water street, in the city of New York, and a house and lot, No. 5 Montague terrace, in the city of Brooklyn, and all other real and personal property owned by her."

This undertaking was duly acknowledged, delivered and received. The judgment was affirmed by the Court of Appeals, and this action is now bought upon the undertaking. In *Yale* v. *Dederer* (22 N. Y., 450) SELDEN, J., shows to what extent the liability in equity of married women upon their contracts had been made the foot-ball of the English courts of chancery. In that case a married woman had signed a promissory note as mere surety for her husband, with the intention of charging her separate estate, but without expressing such intention, in any form, in the note itself.

The Court of Appeals established the rule of this State to be, that in order to create a charge upon the separate estate of a married woman, the intention to charge the separate estate must be stated in the contract itself; or the contract must be one going to the direct benefit of the estate.

It seems very clear, both from the reasoning and the decision in that case, that if the note signed by Mrs. Dederer as surety, had expressly charged her separate estate, the recovery against her would have been upheld. In *The Corn Exchange Insurance Company* v. *Babcock* (42 N. Y., 613) the action was brought against a married woman upon her indorsement of a note of her husband, which expressed that, for value received, she charged her separate estate with the payment of the note; and it was held not only that she thereby made her separate property liable for such payment, but that such liability could be enforced by an action and judgment against her, in a like manner as any legal liability might have been. In delivering the opinion of the court, in *Maxon* v. *Scott* (55 N. Y., 247, 251), GROVER, J., after stating the decision in the case of *The Corn Exchange Insurance Company* v. *Babcock*, adds: "This case was approved in *Carpenter* v. *O'Dougherty* (50 N. Y., 660), and must now be regarded as the established law of the State."

In *Weir* v. *Groat* (4 Hun, 193), the wife had promised as surety for the debt of her husband, and the court held that she was not liable,

unless the intention to charge her separate estate was expressed in the contract; BOARDMAN, J., saying : " The wife may, if she pleases, charge her property with any debt, but it is only when it benefits her estate that the intent to charge it thereon becomes unnecessary. In all other cases, such intent to charge must be a part of the contract. The authorities to sustain these principles are too familiar to need citation." In *Waggoner* v. *Millington* (8 Hun, 142) the defendant had made her promissory note, in the body of which she agreed that the amount should be paid out of her separate estate, and made the same a charge thereon. She set up as a defense that the note was given for a prior indebtedness of her husband in his business, and for his benefit, and that she signed the same without any intention of charging her separate estate, or knowing that she had done so. The court held that she was liable upon the note, notwithstanding her allegation that she had given it as surety for the debts of her husband.

Since the case of *The Manhattan B. and M. Company* v. *Thompson*, in which CHURCH, Ch. J., classifies, with entire distinctness, in what cases, and under what circumstances, the contracts of married women can be enforced against their separate property; there ought to be little room for further dispute. " It has been held," he says, "that such liability may be enforced: First. When created in or about carrying on a trade or business of the wife. (35 Barb., 78; *Frecking* v. *Rolland*, 53 N. Y., 422.) Second. Where the contract relates to or is made for the benefit of the separate estate. (*Owen* v. *Cawley*, 36 N. Y., 600; *Ballin* v. *Dillaye*, 37 id., 36.) Third. When the intention to charge the separate estate is expressed in the instrument or contract by which the liability is created. (*Yale* v. *Dederer*, 18 N. Y., 265; S. C., 22 id., 450; *Maxon* v. *Scott*, 55 id., 247.) "

In that case, the note in suit was made by the defendant, and delivered in payment of goods sold and delivered to her husband under a contract made by her to be responsible for the fulfillment of any contract or obligation made by him. There was nothing in the instrument making her separate estate liable for or chargeable with the payment of such merchandise, and it was held, in effect, that as her liability was that of surety, and as her intention to charge was not expressed in the instrument or contract by which the lia-

bility was created, no recovery could be had against her. Three judges, however, dissented from that conclusion. There is nothing in *Loomis* v. *Ruck* (56 N. Y., 465) in conflict with the rules laid down, as above quoted, in *The Manhattan B. and M. Company* v. *Thompson*.

In that case, the referee found that the contract of the wife was obtained by fraud and duress; and there was no intention in any of the remarks of the learned judge who delivered the opinion, to express views in conflict with those established in the earlier authorities above cited.

We regard it as settled law that a married woman, though not liable upon a contract in which she is a surety, may yet make her estate liable, if thereby she expressly, as part of the contract, charges her separate estate.

The case at bar is very clearly one in which the respondent intended to make such charge, and expressed her intention in language which admits of no possible doubt. And we see no reason why she might not become, in that manner, surety upon an undertaking on behalf of her son. The mode in which such liability is enforced is now settled by the *Corn Exchange* v. *Babcock* (*supra*) and *Andrews* v. *Monilaws* (8 Hun, 65), and various other cases.

Judgment reversed, new trial ordered, costs to abide event.

BRADY, J., concurred.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

Judgment reversed, new trial ordered, costs to abide event.