Brown, J.
— The complaint in this action alleges that the note sued on was made by the defendants under their firm name of J. P. Kinney & Co.; that the defendants are husband and wife and that the materials for which said note was given were furnished for and benefited the separate estate of the wife.
It is not alleged that Mrs. Kinney personally signed the note, and her individual name does not appear on it. She cannot therefore be made liable upon it unless the signature John P. Kinney & Co. is sufficient to bind her, and this depends on the further question whether there was a valid partnership existing between her and her husband. The question is therefore directly presented whether a husband and wife can enter into a copartnership for the transaction of business.
There is in the complaint no direct allegation of partnership, and none that the defendant is engaged with her husband in carrying on business; no point is made of this however, and it may be assumed that the allegations that the note was made hy the defendants under their firm name is a sufficient allegation of a partnership carrying on a trade or business, supposing such a partnership legally to exist.
The question whether a husband and wife can form a copartnership and carry on a firm business has never been *60 decided by the court of appeals of this state, nor by any of the general terms, so far as I am informed. It has been decided both ways by the special term ( Young agt. Winslow, Daily Reg., May 10, 1882; Fairlee agt. Bloomingdale, 67 How., 292).
The court of appeals have however decided two questions, which are I think decisive of the case: First. It has been decided that a married woman may contract a business partnership and carry on business as one of a firm (Bitter agt. Rathman, 61 N. Y., 512; Soott agt. Conway, 58 N. Y., 619). Second. That she may contract with her husband in reference to her separate estate (Bodine agt. Killeen, 63 N. Y. 93; Owen agt. Cawley, 36 N. Y. 600). Assuming, therefore, these two questions to be decided in this state, I am unable to see the distinction between a contract which a married woman enters into with her husband under which he manages her separate estate or busines as her agent, and a contract of partnership which is nothing more than a mutual agency by each in reference to the common business of both.
Section 2 of the act of 1860, from which a married woman derives power to carry on any trade or business cannot, in my judgment, be construed as empowering her to engage in business solely in her own name and as denying to her the power to form a partnership with any one for that purpose. The words “ sole and separate account ” in that section do not limit or qualify the words “ trade or business ; ” this sufficiently appears from the punctuation of the sentence. By this section the legislature intended to confer upon married women the power to do three things : First. To bargain, sell, assign and transfer their separate personal property. Second. To carry on any trade or business. Third. To labor On their sole and separate account.' The first two a married woman had no power to do at all under the common-law; the last she could do, but the wages for her labor belonged to her husband. To confer upon her the power to carry on a trade or business was to give her a right that prior .to. the passage of this act *61 she had not enjoyed- To declare that she might labor and perform services, would have conferred no new right upon her, but to declare the wages of her labor to be free from the control of her husband was to confer upon her a new and substantial right, and to accomplish this the legislature declared she might “perform labor and services upon her sole and separate account.” I am not unaware that in the first section of the act the words “ sole and separate” are applied to the “ trade and business ” as well as to her “ labor and services; ” but this section is not the one that qualifies her for doing these things, but is declaratory solely of what constitutes a married woman’s separate estate.
I have been referred to, and have examined with great care, the very able opinion of Mr. justice Westbrook upon this question: The argument in that opinion is based on the proposition that the words “ sole and separate ” limit the words “ trade or business ” in section 2 of the act. Carried out to its logical conclusion this argument denies to a married woman the power to enter into a partnership with any person.
In the case of Bitter agt. Rathman, above cited, the commission of appeals held that she could contract a valid partnership, and although it was conceded that she held her interest in the firm upon a secret trust for her husband, the court held that she could maintain an action for dissolution to protect her apparent rights, and that she was liable as a partner to the creditors of the ostensible firm.
The court say: “ The defendant excepted to the conclusion that the plaintiff was a partner of the defendant, for that being a married woman she could not, in law, be his partner.” * * * “Yet she having suffered herself to be regarded by the public as a partner was liable as such to the creditors of the ostensible firm, and homing thus exposed herself to such liabilities she had to such extent the right as against either the defendant or her husband to be protected out of the sha/re which would belong to her in her capacity as trustee for her husband, at whose instance she undertook the trust.” If she *62 could, in a partnership of the character which existed in the case cited, he made liable to the partnership creditors, she certainly cannot claim immunity from the debts of a firm in which she has enlisted her separate estate and her own services. To the same effect is the decision of the court of appeals in the case of Scott agt. Conway (58 N. Y., 619). These cases indicate sufficiently the drift of opinion of the highest court of the state upon this question, and should be followed by the special term unless directly overruled by later cases. I have been referred to none that are in conflict with them. In none has the question of the power of a married woman to enter into a business partnership been discussed. From the cases cited I think it must be regarded as settled in this state that a married woman may contract a valid business partnership.
Assuming, therefore, that a married woman has the power to enter into a contract of partnership, the question whether there can be such a partnership between husband and wife depends upon the legal capacity of husband and -wife to contract with each other in reference to the wife’s separate estate. That such contracts may be made has been repeatedly decided in this state. The husband may be the wife’s agent (Knapp agt. Smith, 27 N. Y., 277; Kluender agt. lynch, 4 Keyes, 361; Freiberg agt. Branigan, 18 Hun, 344; Bodine agt. Killeen, 53 N. Y., 93; Owen agt. Cawley, 36 N. Y., 600). He may assign to her a chose in action (Seymour agt. Fellows, 77 N. Y., 178).
I can see no difference between the power to make one contract more than another. The power exists with reference to the separate estate of the wife, and the contract with reference to that estate may be made with the husband as well as with another. The legal capacity is the same in all cases. The question of fraud, or opportunity to defraud, or the opportunity to the husband to control and perhaps squander the wife’s property have no place in the discussion. If the wife has the capacity to contract with the husband with reference to her separate estate, there is no limit put upon this *63 power in the statute. The courts of this state have decided that she has such power, and I am unable to see by what principle it may be upheld as to one class of contracts and denied as to others.
The Massachusetts Cases deny to the wife the power to enter into contracts of partnership, but it is worthy of remark that their decisions forbid a partnership between a married woman and a person not her husband (3 Allen, 127 ; 5 Allen, 460; 7 Allen, 481). As I have shown, such is not the law of this state, and these cases cannot therefore be regarded as an authority.
There is nothing in the case of Colemam agt. Burr (93 N. Y., 17), which conflicts with the views here expressed. The remark of Earl, J., “ that the statute touches a married woman in her relation to her husband only so far as they relate to her separate property and business, and the labor she may perform on her sole and separate account,” is in entire harmony with the cases cited and the construction I have given to the statute. It is not pretended that apart from the control and use of her separate property and her ability to labor on her own account that the common-law relation of her husband and wife are changed.
My conclusion is, that the courts of the state have settled two questions: First. That a wife may contract a copartnership with a person other than her husband and carry on business as a member of such firm. Second. That with reference to her separate estate she may contract with her husband the same as if she was a feme sole. From these decisions I think it follows, necessarily, that husband and wife have the capacity to enter into a contract of copartnership, for the purpose of carrying on a trade or business, and that contracts made by such a firm are enforceable against the wife’s estate.
The demurrers are overruled, with costs.
Mote.—The improvement in the legal status of married women in this country has been rapid and steady. By the old common-law the wife was a legal nonentity.; in many of our states the tendency of legislation and *64 adjudication has been to make her co-equal with her husband before the law. The above decision at once enlarges the rights and responsibilites of married women in this state, and as the law is interpreted' they may form business copartnerships with their husbands, and they may also be held separately liable for the firm debts, thus putting husband and wife in business on a common legal footing with merchants and traders generally. —[Ed.