JOHN M. GRAFF and Others, Respondents, v. JOHN P. KINNEY and FREDERICA M. KINNEY, Appellants.

*Husband and wife — may form a partnership and give notes in the firm name.*

This action was brought upon a promissory note alleged to have been made by the defendants under their firm name of J. P. Kinney & Co. The complaint alleged that the defendants were husband and wife; that they were carrying on business as partners, and that the wife had real property.

*Held,* that a demurrer interposed to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action, was properly overruled; that the husband and wife could form a partnership for the purpose of carrying on a business, and that notes given in the course of such business were valid and enforceable.*

APPEALS by the defendants severally from a judgment overruling, with costs, separate demurrers interposed by them to the complaint.

This is an action on a promissory note made by the defendants, husband and wife, to the plaintiffs, for the sum of $685, under their firm name of J. P. Kinney & Co. The complaint alleged that the said note was given for materials which were furnished for and did benefit the separate estate of the defendant Frederica M. Kinney.

The defendants demur to the complaint; the defendant Frederica M. Kinney, on the ground that the complaint does not state facts sufficient to constitute a cause of action; the defendant John Kinney, on the same ground; and on the further ground that there is a defect of parties defendants, in that he is improperly joined with his wife, the defendant Frederica.

*G. Storms Carpenter,* for the appellants.

*Edward Daly,* for the respondents.

DYKMAN, J.:

It is alleged by the plaintiffs in the complaint in this action that on the 4th day of October, 1883, the defendants, under the firm name of J. P. Kinney & Co., made their certain promissory note in writing, dated that day, whereby they promised to pay to the

* The contrary was held by the General Term of the Fifth Department in *Kaufman* v. *Schoeffel* (*ante* p. 140); see, also, *Fairlee* v. *Bloomingdale* (24 Am. L. Reg. [N. S.], 648, and note). — [REP.

order of the plaintiffs, two months after the date thereof, the sum of $685, for value, and delivered the same to the plaintiffs. It is further alleged that the defendants are husband and wife and that the wife has real property. Then judgment is demanded against the defendant, and a prayer is made that her separate estate be applied to its payment and that a receiver be appointed.

Notwithstanding the prayer the action is on the law side of the court, and the defendants have demurred to the complaint and assigned for cause the insufficiency of the allegation to constitute a cause of action. The complaint was upheld at the Special Term and the defendants have appealed. The paper does not wear the specific signature of the wife, but the conceded charge is that it was made by the defendants under their firm name.

The names of the defendants are John P. Kinney and Frederica M. Kinney, and they have a copartnership named J. P. Kinney & Co., of which the wife is a member. So much is to be collected from the complaint and stands conceded. The correct conclusion from these facts must result from the law as we can gather it. The obligation was created by the married woman in a business which she was carrying on, and the debt was created for property furnished for the benefit of her separate estate. Was the wife in possession of legal capacity to make a copartnership contract with her husband to conduct and carry on business jointly with him? The answer to this must be deduced from the statutes for the protection of married women, for without them she possessed no such power. By these statutes many of the incidents and disabilities of marriage are swept away, and a married woman is authorized to bind herself by contract in many ways unknown before. She may now contract a business partnership and form one of the firm with all the power and liabilities which that relation implies. (*Bitter* v. *Rathman*, 61 N. Y., 512 ; *Scott* v. *Conway*, 58 id., 619.) She may contract with her husband in relation to her separate estate, and employ him as her agent. (*Bodine* v. *Killeen*, 53 N. Y., 93 ; *Knapp* v. *Smith*, 27 id., 277.) She may receive from her husband a chose in action by assignment. (*Seymour* v. *Fellows*, 77 N. Y., 178.)

If these decisions are to be allowed the full force and effect of the doctrine they teach they comprehend this case. If a married woman may constitute her husband her agent for one purpose, she

may for another. A partner is an agent of the partnership and of his copartner. So far as he acts for his partner he is but an agent, and although he has a community of interest in the partnership property, yet the reciprocal engagement is to share the profits and account therefor. If a married woman may intrust her money or her property to her husband under a contract to use and manage the same and return her the profits as her agent, she may do the same with him as her copartner in business. Logic discloses no difference.

The judgment should be affirmed, with costs.

BARNARD, P. J., concurred.

Judgment overruling defendants' demurrer to the complaint affirmed, with costs.