## N. Y. COMMON PLEAS.

JOHN ZIMMERMANN and MARY ZIMMERMANN, plaintiffs and respondents, agt. PROSPER ERHARD and STEPHEN A. DODGE, defendants and appellants.

*Husband and wife — partnership agreement between — The term " Co." legally representing the wife does not offend the provisions of the act of 1833, in relation to the use of this term.*

A wife may contract with her husband in her business, and may enter .into a valid partnership agreement with him under the laws of this state. Such being the fact the husband may lawfully use as the firm name " J. Zimmermann & Co.;" and the term "Co." legally representing the wife does not offend the provisions of the act of 1833 (*chap.* 281), providing that where the designation "& Co." is used it shall represent an actual partner.

*General Term, June,* 1879.

THE plaintiffs sued the defendants in the New York marine court to recover $1,691.45 for goods sold and delivered.

Besides other defenses the defendants contended that the plaintiffs could not recover because they did business under the name of "J. Zimmermann & Co.," in violation of the statute of 1833 (*chap.* 281). That the said J. Zimmermann could not contract a lawful partnership with his wife, and that the words "& Co." did not, therefore, represent any actual partner and cited *Swords* agt. *Owen* (43 *How. Pr.,* 176); *Wood* agt. *E. R. Co.* (8 *Hun,* 648); *Marsh* agt. *Hoppock* (3 *Bosw.,* 478) to sustain their position. Mr. justice McADAM, before whom the action was tried without a jury, directed judgment for the plaintiffs for $1,710.49, with costs.

The judgment having been affirmed on appeal by the general term of the marine court, the defendants appealed to the court of common pleas.

Zimmermann agt. Erhard and Dodge.

*Edward Van Ness,* for appellants.

*Gleason & Cator,* for respondents.

BEACH, *J.*— The appeal is by the defendants from an affirm-
ance of the general term of the marine court, of a judgment
rendered on a trial before a justice of that court without a
jury. The plaintiffs are husband and wife, and at the times
of the business dealings between the parties, were copartners
under the firm style of J. Zimmermann & Co.; the defend-
ants were also partners in trade. In 1877 the plaintiffs sold
and delivered to the defendants, merchandise at an agreed
price, which this action is brought to recover. The purchase
of the goods is clearly proved by one of the defendants, and
there is no disagreement in regard either to the price or
delivery. It appears the defendants received accounts cur-
rent, and addressed a letter to the plaintiffs apologizing for
delay, and promising payment. They contend, however,
under a denial in their answer of the partnership of the plain-
tiffs, alleged in the complaint, that there could be no legal
partnership between the plaintiffs, and that therefrom results
a violation of the statute forbidding the use of the designa-
tion "and Company," or "& Co.," unless representing an
actual partner or partners. Judgment was rendered in favor
of the plaintiffs, affirmed by the general term of the marine
court, and the defendants bring this appeal.

The controlling and important question is, whether or not,
there can be a valid copartnership between husband and wife.
If that is decided affirmatively, it effectually disposes of the
point made on behalf of the appellants, that the firm of John
Zimmermann & Co. "was doing business in contravention of
the statute of 1833 (*Laws of* 1833, *chap.* 281, *p.* 404), enact-
ing ' where the designation "& Company," or "& Co.," is used,
it shall represent an actual partner or partners.' " By the
terms of the law, any person offending is guilty of a misde-
meanor punishable by fine. It is apparent that if the busi-

ness relations between the plaintiffs were legal, there was no violation of the statute, and none of the consequences result, claimed by the appellants. It plainly appears from the record that an indebtedness exists, and the recovery had in the court below is, in my opinion, affected by no other important considerations than those resting upon the question suggested above. Under the statute (*Laws of* 1860, *chap.* 90, *p.* 157; *Laws of* 1862, *chap.* 172, *p.* 343) there have been numerous adjudications by the courts of this state; but I have failed to find one directly in point. It may be, however, considered settled law, that a married woman doing business on her sole and separate account may employ her husband as her agent in its control and management (*Knapp* agt. *Smith*, 27 *N. Y. R.* 277; *Buckley* agt. *Wells*, 33 *N. Y. R.*, 518; *Gage* agt. *Dauchy*, 34 *N. Y. R.*, 293; *Merchant* agt. *Bunnell*, 3 *Keyes*, 539; *Kluenner* agt. *Lynch*, 4 *Keyes*, 361; *Whedon* agt. *Champlin*, 49 *Barb.*, 61; *Abbey* agt. *Deyo*, 44 *N. Y. R.*, 343; *Bogert* agt. *Gulick*, 45 *How. Pr. R.*, 385).

In *Adams* agt. *Curtis* (4 *Lansing*, 164), in deciding that she may maintain an action to recover compensation for services rendered to a firm of which her husband was a member, the court says:

"The effect and intent of the act (*Laws of* 1860, *chap.* 90) is to remove *all the disabilities of coverture*, so as to enable her to sue and be sued as to contracts, in all respects as though she was in fact unmarried."

It seems fairly deducible, from the above adjudications, that the wife is competent to contract with her husband in her business; and if so, there would seem to be no reason why she may not enter into a valid partnership agreement with him. It is a contract, affecting, directly, her business interests, and confers upon him no powers more extensive than those which would be his when acting as her general agent. He cannot affect a part of her personal estate uninvested in trade, any further in the one case than in the other. Partnership is founded upon agency, and the members of a firm are,

in their mutual relationship, both principals and agents. The words of the statute, " on her sole and separate account," refer to her marital *status* and are not intended to restrict her business ventures to those in which she shall alone be interested. This is greatly strengthened by the authorities affirming her power to join a partnership when her husband is not a member (*Hamilton et al.* agt. *Douglass*, 46 *N. Y. R.*, 218; *Plummer* agt. *Lord*, 5 *Allen*, 460).

In the case of *Cushman, Executors, &c.*, agt. *Henry et al.* (*not yet reported but found in the Daily Register of December* 28, 1878) the court of appeals say, in considering the effects of the statute under review : " She may engage in business and incur the most dangerous, and even serious, liabilities in its prosecution, and they will be enforced against her to the same extent as if she was married."

It seems evident, from the above adjudications, that a married woman is invested by the logical effects of our legislation, in regard to her separate estate and business, with all the attributes and powers of a *feme sole ;* and so being any contract made by her relative thereto is valid, including a copartnership agreement with her husband. An examination of the decisions in other states adverse to the above conclusion has not changed my opinion (*Lord* agt. *Parker*, 3 *Allen*, 127; *Plummer* agt. *Lord*, 5 *Allen*, 460, *and* 7 *Allen*, 481 ; *Knowles* agt. *Hull*, 99 Mass., 562). The principle adjudged by them is the entire want of power in a *feme covert* to contract with her husband. This is not in accord with the cases in the courts of this state already cited; and while justly entitled to great respect those above should not, in such circumstances, be followed without question. In *Chambovet* agt. *Cagney* (35 *Superior Court R.*, 474), the eminent judge writing the opinion of the court admits it is not necessary to definitely decide the question at bar in that case. In expressing his judgment adverse to the conclusion here, he says : " In case a wife has separate property, although domestic circumstances may keep her home, or she may be kept there by the

lawful exercise of a husband's power over her in a proper contingency, he will not have power to dispose of that property. If they were business partners he might legally keep her home and legally dispose of the partnership property at the place of business."

I have been led to differ from this reasoning, because the contingency suggested is equally likely to happen where her husband is general agent in the full control of her business; and, also, as to results when her personal estate is invested in a business wherein she is a partner with others. *In re Kinkead* (3 *Bissell C. C. R.*, 405) is a decision confirming the views here expressed. In that case the firm composed of husband and wife was adjudicated bankrupt. An individual creditor of the bankrupt, after proof of debt, claimed a dividend from the copartnership assets on the ground that the wife could not so contract with her husband, and the assets were, therefore, his in law and subject to the payment of his debts, equally with those of the firm. The creditor's application for a dividend was denied, and the decision of the district court affirmed on appeal.

In *Scott* agt. *Conway* (58 *N. Y. R.*, 619) a married woman, who apparently carried on a separate business, was held to the truth of that appearance, and in an action against her by one who dealt with her in ignorance of the partnership she was precluded from interposing the defense of her husband being a dormant partner. The case is not fully reported, and while the decision may not necessarily involve the point at bar it is cited as possibly beneficial to those, if any, who may further consider this question and be able to examine the opinions of the court.

It is suggested that, in the cases above cited holding adversely, the coverture has been uniformly plead by the wife for her own protection and advantage. There may be question as to its availability to the defendants here. It is also unnecessary to consider whether or not the case would be affected by the act of 1833. Should it be admitted that the

Zimmermann agt. Erhard and Dodge.

wife was not competent to form a copartnership with her husband, or whether the defendants, having purchased and received from them property, could object in an action by them for the purchase-price, these questions would present matter for very serious consideration, and upon them I express no judgment, deeming it advisable to rest the decision upon the main and far more important question involved.

I am of the opinion that the plaintiffs' copartnership was legal and, consequently, the act of 1833 is not applicable to this case.

The judgment of the court below should be affirmed.

VAN BRUNT, J. — In the disposition of this case I do not think it necessary to pass upon the question as to whether or not, in this state, if a married woman enters into a copartnership with her husband she can avail herself of the defense of coverture, in an action by a creditor of the partnership to reach her individual property, for the reason that such a defense is entirely personal to her, and she may avail herself of it or not as she sees fit.

The defendants in this action cannot set up that defense for her; and as to them the copartnership is perfectly valid, even though the wife could avail herself of her coverture as a defense to an action by a creditor seeking to reach her separate property.

Judgment should be affirmed, with costs.

LARREMORE, J., also concurred in the result.