GEORGE BOWKER *vs.* AMOS C. BRADFORD & wife.

Essex. Nov. 4, 1885. — Jan. 9, 1886. FIELD & DEVENS, JJ., absent.

Under the Pub. Sts. c. 147, § 2, a husband and wife cannot enter into a contract of partnership; and she is not liable for the rent of a store hired by him in the name of himself and wife as partners.

CONTRACT, against Amos C. Bradford and Henrietta Bradford, on an account annexed, for rent of a store in Salem. Trial in the Superior Court, before *Pitman,* J., who reported the case for the determination of this court, in substance as follows:

Judgment with stay of execution was entered against the defendant Amos C. Bradford, who filed a suggestion of insolvency since the suit; and the trial proceeded against the defendant Henrietta, who was the wife of Amos C.

The plaintiff offered evidence tending to show that Amos C. called upon him with reference to hiring the store in question, and agreed as to the price.

The plaintiff also offered to prove the following facts. At the time of the hiring, the plaintiff asked Amos C. who was to occupy the store, and he replied that it was for himself and wife, and handed the plaintiff a card with the name of "Mr. and Mrs. A. C. Bradford" printed thereon, saying that was the style under which they were going to do business, and that they had been doing business at Barre, Vermont, under the same style. Mrs. Bradford was not present when this conversation took place; and the witness never had any talk with her about the rent or as to responsibility. The terms of the hiring were agreed on at this interview. The plaintiff then offered evidence, which was admitted *de bene*, that, after the goods came to the store, Mrs. Bradford was there most of the time, arranging the goods, marking them, and giving directions about the same to a clerk employed; that the goods which the defendants had left at Barre were brought to Salem, and those salable at that season of the year were put into the store, the rest being stored at their residence; that Mrs. Bradford was at the store frequently, and made sales to customers when her husband was not there; that he was not so often seen there; that, while arranging the goods in the store, Mrs. Bradford gave directions about some whitewashing, and afterwards the plaintiff had some alterations of stucco-work and gaslight made under her directions, during neither of which times was her husband present; and that the books which they kept at Barre were the same kept in Salem, with continuous charges and no change, but the witness saw the name of neither defendant there.

The plaintiff further offered evidence, that, at a former trial of this case, Mrs. Bradford testified that she purchased most of the goods that were purchased for the store in Salem, and that sometimes her husband accompanied her to Boston to make purchases, when she was not well; and also offered evidence to show that the husband had made three several purchases of goods of a firm in Boston, and gave directions to have them sent to Salem; that bills were sent to Salem in the name of Mr. and Mrs. A. C. Bradford, and all but the last bill were paid; but

offered no evidence as to payment by Mrs. Bradford; that in a tray upon the counter in the store were cards with " Mr. and Mrs. Bradford, Fashionable Millinery and Fancy Goods, Main Street, Jackson Block, Barre, Vermont," printed thereon; also a package of wrapping paper with the same printing thereon, in large letters, which was used to cover bundles of goods sold from the store.

The plaintiff asked the judge to rule that the defendants, under our statutes, could carry on business as partners; and that, upon the evidence offered and admitted *de bene*, the plaintiff could recover against both defendants as tenants in common. The judge declined so to rule; ruled that, upon the offer of proof and the evidence admitted, there was no competent evidence upon which this action could be maintained; and directed a verdict for the defendant Henrietta Bradford.

If the ruling was wrong, the verdict was to be set aside, and a new trial granted; otherwise, judgment was to be entered upon the verdict.

*C. Sewall*, for the plaintiff.

*W. Gaston & C. L. B. Whitney*, for Mrs. Bradford.

MORTON, C. J. The ruling of the court, directing a verdict for the defendant Henrietta Bradford, was right. There was no evidence which would support a verdict against her. The contract was made with her husband. If the evidence tended to prove anything against Mrs. Bradford, it showed that he undertook to hire the store for a partnership consisting of himself and his wife. It has no tendency to prove any other ground of liability of the wife. But a husband and wife cannot enter into a contract of copartnership. Pub. Sts. *c.* 147, § 2. *Plumer* v. *Lord*, 7 Allen, 481. She is therefore not liable as a partner for the rent of the store. *Judgment on the verdict.*