ESTHER A. HULSE et al., Plaintiffs, *v.* WILLIAM T. BACON et al.,
Defendants.*

(Supreme Court, Suffolk Special Term, December, 1898.)

1. Deed — Presumption of delivery.

Where a grant *in presenti* has, under its attestation clause and after
the usual words, " Sealed and delivered in presence of ", the signature
of the justice of the peace who took the acknowledgment, a presump-
tion arises that the deed was delivered to the grantee.

2. Same — Omission, in 1858, of private acknowledgment by wife.

A deed to a husband from his wife, acknowledged by her in 1858
in a form containing no reference to the fact that she was a married
woman, is acknowledged sufficiently to make the deed an effective
conveyance.

3. Same — Direct conveyance, in 1858, by wife to husband.

Where real property, consisting of a home and shipyard, has come
to a wife by gift from her husband, equity will sustain her subsequent,
direct conveyance of it to him by a deed dated in the year 1858.

4. Same — Intent to defraud creditors not presumed after forty years.

After the lapse of forty years, an intent to defraud creditors will
not be imputed to a husband, since deceased, in having gratuitously
conveyed his home and shipyard to his wife, since deceased, through
a third party, where it appears that the period was one of great
financial panic, that the debts of the husband were small, that they
were paid within a month, and that he had retained a ship of some
value.

ACTION in ejectment.

Asa A. Spear, for plaintiffs.

Thomas J. Ritch, Jr., for defendants.

JOHNSON, J. This is an action in ejectment. The plaintiffs
are the heirs-at-law of Anna S. Bacon; the defendants are
the heirs-at-law of her husband, William Bacon. The defend-

---

* Received too late for insertion in proper place.— [Rep.

ants claim under a deed made by Mrs. Bacon to her husband; the plaintiffs insist that no such deed was delivered, and that if delivered it was void.   The deed is dated and acknowledged in 1858, and under the attestation clause, and after the usual words, " Sealed and delivered in presence of," appears the signature of the justice of the peace by whom the acknowledgment was taken.   At the time the deed is dated, and for many years before, Mr. and Mrs. Bacon had lived in the dwelling-house upon the property, and they continued to live there until 1883, when Mrs. Bacon died; her husband resided on the property until 1895, when he died.   Mr. Bacon was a shipbuilder and had his shipyard on the premises near the dwelling-house, and continued that business until 1874.   The deed was not recorded until 1883, and about three months after the death of Mrs. Bacon. On the trial the deed was produced and offered in evidence by defendants.   It is urged that Mr. Bacon must have had access to his wife's papers, so that possession of that deed in him or his heirs does not import delivery.   Were this a negotiable bond, or other article that would pass by delivery, there would be great force in that objection.   But this paper is signed by Mrs. Bacon and its purport and intent is to grant *in presenti,* and it was ineffective without delivery; and I think the presumption and proof indicate that her purpose was carried out and the deed delivered.

The deed has no acknowledgment or proof of execution, except in the ordinary simple form, and without reference to the fact that Mrs. Bacon was a married woman.   The authorities establish that that form was sufficient to make an effective conveyance of real estate by a married woman in 1858.   Yale v. Dederer, 18 N. Y. 271; Blood v. Humphrey, 17 Barb. 660; Wiles v. Peck, 26 N. Y. 46; Gerard on Titles, page 79.   That brings us to the more difficult and very interesting point presented by the plaintiffs—that the deed being by a wife to her husband, and made in the year 1858, is void.   To fairly consider that question we must trace the title back to an earlier date.   The property conveyed by the deed is described as three acres.   It was deeded to William Bacon, the husband, in 1840; in 1857 or 1858, the property was conveyed to the wife through a deed to her brother.   Apparently those conveyances were without any valuable consideration.   It would seem that the dwelling-house and shipyard had been erected on the property by Mr. Bacon.   For many years before, he and his wife had lived on the property, and he had carried on the business of shipbuilding in

the shipyard. Mr. Bacon, at the time of the conveyance to his wife, was in some financial difficulty. The debts, which caused his embarrassment, were small, and were all paid within a month, and apparently before and about the time the deed to him is dated. It is on that state of antecedent, or related facts, that the question as to this deed is presented. Its letter is sufficient and adequate to convey, and if it is valid the defendants' title is established; if it is not valid, the defendants have no title, and must surrender to the plaintiffs unless they can maintain adverse possession for twenty years, a proposition as to which I have very grave doubts, but do not deem it necessary to decide.

At common law, all contracts relating to property between husband and wife were void. Under that rule a deed from husband to wife, or from wife to husband was of no effect. Winans v. Peebles, 32 N. Y. 423; White v. Wager, 25 id. 328; Bertles v. Nunan, 92 id. 152; Dean v. Metropolitan El. R. R. Co., 119 id. 540, 546; Hendricks v. Isaacs, 117 id. 411, 416.

It was very early held that " Married Woman's Acts of 1848 and 1849 " did not so far affect this common-law rule as to sustain a deed from husband to wife or from wife to husband. White v. Wager, 25 N. Y. 328; Winans v. Peebles, 32 id. 423; Hendricks v. Isaacs, 117 id. 411. The rule was based upon the theory that in law, as towards property rights, the husband and wife were one, and that the innovation caused by the acts of 1848 and 1849 had not proceeded far enough to change that rule. Suau v. Caffe, 122 N. Y. 308; Bertles v. Nunan, 92 id. 152. But the rule, though inflexible in courts of law, was not so in equity; and courts of equity exercised jurisdiction to limit or prevent its effect, according to the equity presented in particular cases; and that power and jurisdiction was exercised both before and after the acts of 1848 and 1849. Shepard v. Shepard, 7 Johns. Ch. 57; Hendricks v. Isaacs, *supra;* Hunt v. Johnson, 44 N. Y. 27.

Equity seems to have generally sustained such conveyances when made by the husband to the wife, on the ground that the husband owed support and aid to the wife, and that for that reason the consideration, for such a deed was meritorious, and that equity should intervene to protect the latter against the stringency of the common-law rule. Shepard v. Shepard, *supra;* Hunt v. Johnson, *supra.* The equity which was thus invoked, it was held, did not exist in favor of the husband, and that a deed from the wife to the husband would not be upheld by any equity growing out of the nature of their relations. Hunt v. Johnson, *supra.*

The inquiry, therefore, arises, is there any other equity that will interpose to release the deed from Mrs. Bacon to her husband from the ancient and stringent rule of the common law? I think there is such an equity. The husband had owned the property and it had come to the wife from him. It is agreed that no consideration was paid on the deed to the brother, and none being recited in the deed from the brother to the wife, the transaction imports a gift of the home and place of business. I cannot see why, after this gift, the natural obligations of Mrs. Bacon to her husband were not quite as compelling for the interposition of equity to sustain the deed to her husband, as are the equities, arising from the relation of parties, which sustain a deed from husband to wife. In Hendricks v. Isaacs, *supra*, the fact that property there in question came to the wife through the bounty of the husband's father, was assumed to be sufficient to uphold the promise of the wife. Surely the fact that the property had come to the wife by the gift of her husband presents an equity no less compelling. If the plaintiffs can recover now, equally could they have recovered had the suit been brought to eject the husband immediately after the death of his wife. The arm of equity must be shortened if it could not have interposed to have prevented such a result. But it is said that the conveyances to Mrs. Bacon were in fraud of creditors and equity will not relieve such a case. Certainly, equity would not have restored this property to the husband, but whether it will or will not intervene to aid the deed made by the wife to her husband, to aid the wife's act of restoration, is quite a different question. But, was that gift in fraud of creditors? Perhaps there is enough in the case to lead to the suspicion that it was, in that it hindered or delayed; but the debts proved, were so small, their payment so prompt, the probable value of the ship which he seems to have retained, was such as convinces me that William Bacon never had the purpose to cheat or defraud any of his creditors. The year 1857 was the year of a financial panic, so severe as to have become historical. We should be very slow to impute or find fraud in a transaction forty years ago. I feel sure there was no actual fraud intended, no *maleficium*, and I do not consider that it is right to impute the lesser fault of an intent to hinder or delay creditors.

The rule invoked by plaintiffs is now abrogated by statute; from 1848 to the present time, there appears a tendency in legislation to break down the technical rules relating to the property rights of married women. It seems to me the reported cases show that the court has sympathized in that movement and that the rule invali-

dating a deed from wife to husband has gradually been construed with less stringency.

In Winans v. Peebles, 26 N. Y. 423, it appeared that the wife's title came through a gift from her father, and that at that time he had requested and *she had promised* to convey the property to her husband after her father's decease. The deed was in conformity with that promise; the court, however, disregarding that, held the deed void. But in Hendricks v. Isaacs, 117 N. Y. 441, it was assumed that a very similar request and obligation was sufficient to support an agreement, which at common law would have been void.

Reviewing the whole case, I think the deed to William Bacon was delivered, and that it conveyed the property to him in fee.

Judgment for the defendants.