GEORGE et ux. v. DUPIGNAC. (No. 234.)

(Court of Civil Appeals of Texas. Waco. April 23, 1925. Rehearing Denied June 4, 1925.)

1. **Appeal and error** ⟝655(3) — Motion to strike out statement of facts filed overruled.

Where statement of facts filed shows that parties failed to agree on a statement of facts, and trial court, pursuant to Rev. St., art. 2069, duly prepared and filed a statement of facts within time allowed by article 2073, motion to strike statement of facts will be overruled.

2. **Husband and wife** ⟝79—Legislature, unrestrained by Constitution, has inherent power to change common-law rule applicable to married women with respect to rights to contract.

Legislature, in the absence of a prohibition in the Constitution, has the inherent power to change the rule of the common law as to contracts of married women, and may enlarge their privileges and responsibilities.

3. **Husband and wife** ⟝66—Married woman, accepting law entitling her to remove disability of coverture, is bound on contracts to extent such law prescribes.

Married woman, accepting law entitling her to remove disability of coverture (articles 4629a–4629d, Vernon's Sayles' Ann. Civ. St. 1914), is bound on contracts to extent such law prescribes.

4. **Husband and wife** ⟝66—Coverture held no defense in action on note executed by defendant after removal of disability of coverture.

In view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4629d, coverture held no defense in action on note executed by defendant after removal of disability of coverture.

5. **Appeal and error** ⟝1071(1)—Failure of trial court to file findings of fact and conclusions of law held not to necessitate reversal.

Failure of trial court to file findings of fact and conclusions of law, as requested, held not to necessitate reversal, where the record showed no injury to appellant could have been sustained by such failure.

6. **Appeal and error** ⟝169—Court of Civil Appeals may not pass on question which could have been, but was not, presented in trial court.

Court of Civil Appeals may not pass on question which could have been, but was not, presented in trial court.

---

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Appeal and error ⚖=>201(1)—Failure of appellants to assert in trial court claimed impartial hearing, precluded raising of that issue on appeal.**

Failure of appellants to assert in trial court that they did not have an impartial hearing, which issue they could have presented in their motion for rehearing, precluded them from raising that issue on appeal.

Appeal from Johnson County Court; O. B. McPherson, Judge.

Suit by Dudley Dupignac against W. N. George and wife. Judgment for plaintiff, and defendants appeal. Affirmed.

Houtchens, Clark & Harrington, of Fort Worth, for appellants.

Kilpatrick & Kilpatrick, of Cleburne, for appellee.

BARCUS, J. This suit was instituted by appellee against appellants, W. N. George and wife, Mrs. M. J. George, seeking judgment on a note executed by appellants in the sum of $575. Appellee alleged that appellant, Mrs. George, had obtained the removal of her marital disabilities on the 12th day of January, 1912, in the district court of Johnson county. Appellants answered by general denial, and specially pleaded the coverture of appellant, Mrs. George, and alleged that the note sued on was not binding on her because it was neither given for, nor grew out of, any mercantile or trading pursuit; and pleaded failure of consideration, alleging that the note was given for the purchase of a cow, which was represented to be a fine blooded milk cow and a good breeder, when as a matter of fact said statements were false, and were made by appellee for the purpose of defrauding appellants. The cause was tried to the court, and resulted in a judgment being rendered for appellee against each of the appellants. Hence this appeal.

[1] Appellants have filed a motion to strike out the statement of facts filed in this cause. The statement of facts filed herein shows that the parties failed to agree on a statement of facts, and the trial court, as provided by article 2069, Revised Statutes, prepared and filed a statement of facts, and same was filed in the trial court and in the appellate court within the time allowed by law. Article 2073, Revised Statutes. The motion to strike out the statement of facts is overruled. Appellants filed a motion in the trial court for rehearing, and their assignments of error are based thereon. Appellants, in their brief, present five propositions. By their first, second, and fourth propositions, they contend that since appellant Mrs. George was a married woman, she could not, under the pleadings and testimony, be held liable on the note which she and her husband signed; that if she could be held on any note given by

her after her disabilities as a married woman had been removed, it must be alleged and proved that the note was given for or grew out of a mercantile or trading business. This necessitates a construction of the Acts of the Legislature of 1911, p. 92, which authorize a married woman to have her disabilities of coverture removed, said acts being articles 4629a to 4629d, inclusive, of Vernon's Sayles' Ann. Civ. St. 1914. Said articles provide, in substance, that any married woman, with the consent of, and joined by, her husband, may, by applying to the district court, have her disabilities of coverture removed, and be declared a feme sole for mercantile and trading purposes, and, if the district court grants said petition, article 4629d provides:

"* * * And thereafter the said married woman may, in her own name, contract and be contracted with, sue and be sued, and all of her separate property not exempt from execution under the exemption laws of Texas, shall thereafter be subject to her debts and liable under execution therefor, and her contracts and obligations shall be as binding on her as if she were a feme sole."

The petition of appellee in this cause alleges, and the evidence shows that Mrs. George did, in January, 1912, have her disabilities of coverture removed for mercantile and trading purposes, as provided by the above-named articles of the statute. The note sued on was executed in 1923. So far as we have been able to find, the liability of a married woman on her notes and contracts, after she has had her disabilities of coverture removed, has not been directly determined by our courts. It is unquestionably the law of this state that the appellant Mrs. George would not be responsible under the facts in this case for the payment of the note sued on, unless she has made herself responsible by having had her disabilities of coverture removed.

In Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, the Supreme Court, in discussing the Acts of the 1913 Legislature (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4621, 4622, 4624) stated:

"The caption of the act * * * announces broadly * * * that one of its purposes is to confer upon the wife 'the power to make contracts,' apparently without limitation. If such a law had been actually enacted, there could be no question of the power of the wife to make a contract of the kind here presented, or of any other kind. * * * The Legislature had full authority to change the law. It was within its province to overturn this established policy and through the wife's simple contracts charge her estate with the husband's debts."

In Dickinson v. Griffith Lumber Co. (Tex. Civ. App.) 213 S. W. 341, it was held that a married woman was not liable on her contract which she made for the purchase of

wood for a woodyard owned by her, because of her coverture. The court, in discussing the liability of married women, used this language:

"Article 4629a has some pertinency to this case, because the Legislature deemed it necessary to pass the law in order to give the married woman the right to enter into mercantile and trading enterprises. If she had that right, it would not have been necessary to remove her disabilities of coverture and declare her a feme sole for mercantile and trading purposes. It is clear, then, that she had no such right, independent of the provisions of articles 4629a to 4629d."

In Gooding v. Dove (Tex. Civ. App.) 262 S. W. 506, it was held, in effect, that a married woman was not individually responsible for her contracts, unless she had obtained the removal of her disabilities of coverture as provided by the above articles of the statute.

In Taylor v. Hustead & Tucker (Tex. Com. App.) 257 S. W. 232, it was held that a married woman was not responsible for the debt sued on in said cause, because of coverture, and states that a married woman is under the disabilities of coverture, except where modified by statute.

[2, 3] The general rule at common law is that contracts of a married woman are not enforceable. 30 C. J. 583; 13 R. C. L. 1253; Speer's Law of Marital Rights, par. 145. The Legislature, not being restrained by the Constitution, has the inherent power to change the rule of the common law, and enlarge the privileges and responsibilities of a married woman. Red River Nat. Bank v. Ferguson, supra; 13 R. C. L. 1267; Vairin v. Hobson, 8 La. 50, 28 Am. Dec. 125; Suau v. Caffe, 122 N. Y. 308, 25 N. E. 488, 9 L. R. A. 593. When the Legislature provides a method by which a married woman can have her disabilities of coverture removed, and she accepts the provisions of said law, she is then bound on her contracts to the extent which the law prescribes. 13 R. C. L. 1270; Colonial & U. S. Investment Co. v. Bradley, 4 S. D. 158, 55 N. W. 1108. The Legislature has provided a method by which a minor, 19 years of age, may have his disabilities removed and make him responsible for his contracts (Rev. St. art. 5949), and has enacted a law which provides that every female under the age of 21 years, who marries, shall be deemed of full age, and shall have all the rights and privileges to which she would have been entitled, if she had been of full age at the time of her marriage. R. S. art. 4628. In the case of Colonial & U. S. Investment Co. v. Bradley, supra, the Supreme Court of North Dakota, in discussing this question, cites the statutes from a number of states which authorize married women to make contracts, and in all the states in which the disability of coverture has been removed the courts have held that a woman is thereafter bound by the contracts she makes.

[4] By virtue of article 4629d, above quoted, if a married woman, joined by her husband, as provided in said act, does have her disabilities of coverture removed, she has the right to make any kind of a contract, and she will be bound on any contract that she may thereafter make, the same as though she were a feme sole. In this case, it being an established fact that at the time Mrs. George executed the note her disabilities of coverture had been removed under said statute, her coverture was not a defense.

[5] By their third proposition, appellants contend that the cause should be reversed, because the trial judge failed to file his findings of fact and conclusions of law after he had been requested to do so by appellants. There is with the record a statement of facts, showing all of the testimony that was introduced, and appellants do not in any way challenge the accuracy of same. It appears from the record that appellants did not offer any testimony on the trial of the case. The only testimony that was offered was the note sued on, the petition filed by appellants in the district court asking for the removal of the disabilities of coverture of appellant Mrs. George, and the judgment of the court removing said disabilities. It appears that no possible harm or injury has been suffered by appellants by reason of the trial court's failure to file its findings of fact and conclusions of law. In addition to the statement of facts, the judgment entered by the trial court finds, as a fact, that all the material allegations of appellee's petition were established by the testimony. Under the record in this case, we do not think the failure of the trial court to file his findings of fact and conclusions of law necessitates a reversal. G. H. & S. A. Ry. Co. v. Stewart et al. (Tex. Com. App.) 257 S. W. 526; Riley v. Austin, 112 Tex. 216, 245 S. W. 907; Barfield v. Emery, 107 Tex. 306, 177 S. W. 952; Id. (Tex. Civ. App.) 156 S. W. 311.

[6] Appellants, by their fifth proposition, complain of the action of the trial court in refusing to give them a hearing on their amended answer filed on January 5, 1924. The judgment of the court recites that all parties appeared on the 18th day of December, 1923, and announced ready for trial, and that all matters in controversy were, by agreement of all parties, submitted to the court, and that on the evidence offered, the court found appellee was entitled to judgment against appellants, and, at the request of appellants, agreed not to enter the final order until the last day of the term of court, which was January 5th, and that on said date the court entered judgment for appellee. The record further shows that on January 5th the appellants, having employed new counsel, by leave of the court, filed an amended answer, alleging, in substance, the same defenses that were alleged in their original answer, except that for the first time they alleged the cover-

ture of Mrs. George. The record shows that, after the amended answer was filed, appellants verbally requested the judge to give them a hearing on the amended answer, which he refused, giving as his reason that he heard the testimony on December 18th and announced his judgment, and had, by request of appellants, left the final entry thereof until January 5th, which was the last day of the term. Appellants did not file any motion for a continuance, nor any written motion for a hearing on the amended answer, and did not assign any reason why the cause should be postponed and further testimony heard.

After the court entered its judgment, appellants filed their motion for a rehearing. Said motion is not sworn to and does not suggest any testimony that could have been offered, or that appellants had any testimony to offer, or that appellants have been in any way deprived of any right by reason of the court not having retried the case. There is nothing in appellants' motion for a rehearing that can in any way be construed to suggest or intimate that appellants were not given a fair and impartial hearing in the trial court, or that the trial court in any way abused its discretion in overruling appellants' motion for a rehearing.

[7] Appellants have filed in this court some affidavits, which they ask the court to consider, which tend to show they were denied an impartial hearing in the trial court. This court is without authority to pass on any question that could have been presented in the trial court, and which was not there presented. City of Austin v. Nalle, 85 Tex. 520, 22 S. W. 668, 960; Fred Mercer Dry Goods Co. v. Fikes (Tex. Civ. App.) 211 S. W. 830; Kaufman County v. Gaston, 273 S. W. 273, recently decided by this court. If appellants were not accorded an impartial hearing in the trial court, they could have presented said matter in the motion for rehearing, and if the trial court had then refused to grant them a new trial, same would have been subject to review by this court.

We have examined all of appellants' assignments of error, and same are overruled. The judgment of the trial court is affirmed.